IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **AARON POYNTON** | * | |
| *Plaintiff,* | * | |
| | | **Case No.: 1:23-cv-448-JDB** |
| v. | * | |
| **BONNY DEMPSEY,** *et al.* | * | |
| *Defendants.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## DECLARATION IN SUPPORT OF PLAINTIFF'S REQUEST FOR ENTRY OF JUDGMENT BY DEFAULT

Plaintiff Aaron Poynton ("Plaintiff" or "Mr. Poynton"), by and through his attorneys, Stephen B. Stern, Jonathan P. Kagan, Veronica J. Mina, and Kagan Stern Marinello & Beard, LLC, hereby requests this Honorable Court enter judgment by default against Defendants Bonny Dempsey ("Mrs. Dempsey") and MAD Development, LLC ("MAD Development" or "Company") (collectively, "Defendants") pursuant to Federal Rule of Civil Procedure 55(b)(1), and in support certifies as follows:

1. Fed. Rule Civ. Pro. 55 sets out a two-step procedure for a party to obtain a default judgment against a nonresponsive defendant. FED. R. CIV. P. 55; *Swiss Inst. of Bioinformatics v. Glob. Initiative on Sharing All Influenza Data*, 49 F. Supp. 3d 92, 96 (D.D.C. 2014). First, the clerk enters default based on an affidavit filed by the Plaintiff, then the Plaintiff may move for a default judgment. FED. R. CIV. P. 55(b); *Swiss Inst. of Bioinformatics*, 49 F. Supp. 3d at 96.

2. Plaintiff may seek the entry of a default judgment by the clerk if the Plaintiff's claim is for a sum certain or a sum that can be made certain by computation on the Plaintiff's

1

request, with an affidavit showing the amount due and the defendant who has been defaulted has not appeared and is neither a minor nor an incompetent person. FED. R. CIV. P. 55(b)(1).

3. On or about February 17, 2023, Mr. Poynton filed a Complaint against Defendant Mrs. Dempsey for one count of breach of contract and against Defendants Mrs. Dempsey and MAD Development for one count of fraud and one count of negligent misrepresentation, related to, *inter alia*, Mrs. Dempsey's failure to pay Mr. Poynton pursuant to a promissory note executed by Mrs. Dempsey in favor of Mr. Poynton, which note was put in place as a result of fraudulent inducements, misrepresentations, and concealments by Defendants that caused Mr. Poynton to loan Defendants $100,000.00. *See* ECF No. 1.

4. As alleged in the Complaint, Mr. Poynton and Defendants entered a lender-borrower arrangement, whereby Mr. Poynton would agree to loan Defendants a certain sum of money, which would be used to remodel a certain residential property that Defendants had purchased. *See* ECF No. 1 at ¶ 9. On or about August 5, 2020, Mr. Poynton had loaned Defendants $100,000.00 to remodel certain property located at 3129 38th Street, N.W., Washington, D.C. ("Property"). *Id.* at ¶ 12.

5. As alleged in the Complaint, the Property remodel was successful. *Id.* at ¶ 12. Thereafter, Mrs. Dempsey made certain fraudulent representations and concealments to Mr. Poynton to induce him to reloan the principal amount of $100,000.00 to Mrs. Dempsey. *Id.* at ¶¶ 41-43, 56-58. On or about November 2020, Mr. Poynton agreed to roll the principal loan amount of $100,000.00 into another property that Mrs. Dempsey purportedly owned and was renovating to be sold by her in January 2021, based on Mrs. Dempsey's representations. *Id.* at ¶ 15.

6. After multiple attempts to follow up with Mrs. Dempsey regarding the status of the new promissory note and deed of trust, which Mrs. Dempsey indicated would be forthcoming for

her new property renovation located at 3724 S St. N.W., Washington, D.C. 20007 ("3724 Property"), Mr. Poynton instead received an email on or about August 26, 2021 from Mrs. Dempsey, wherein she admitted that she had been in financial distress since October 2020, had sold the 3724 Property at a loss on February 18, 2021, and that she did not have the means to repay Mr. Poynton the $100,000.00 because of other obligations. *Id.* at ¶¶ 20-23.

7. Thus, on or about December 6, 2021, Mr. Poynton executed a promissory note (hereinafter, "the Note") for the amount of $100,000.00 with a maturity date of December 31, 2022. Mrs. Dempsey executed the Note on November 29, 2021. The Note also provided that it "shall bear [Paid-in-Kind] interest in the amount of ten percent per annum (10%) from December 4, 2020, until the maturity date, but shall be forgiven in its entirety if [Mrs. Dempsey] repays this Note in full on or before the maturity date." *Id.* at ¶ 26; ECF No. 1-11.

8. On December 31, 2022, Mrs. Dempsey did not remit the $100,000.00 due and owing under the Note or any interest and, thus, the Note went into default. ECF No. 1 at ¶ 29.

9. As alleged in the Complaint, the maturity date under the Note has expired and, despite repeated demands for full payment of the $100,000.00 with interest, Mr. Poynton has not received the sums due and owing to date, including the 10% interest per annum owing on said Note. *Id.* at ¶ 31.

10. Defendants Mrs. Dempsey and MAD Development were served with the Writ of Summons, Civil Cover Sheet, Certificate Rule LCvR 26.1, Complaint, Exhibits 1-8 to the Complaint, and Motions for Admission *Pro Hac Vice* for Jonathan P. Kagan, Esq. and Veronica J. Mina, Esq. on March 1, 2023 in Washington, D.C. *See* ECF Nos. 11 and 12.

11. Defendants Mrs. Dempsey and MAD Development (whom Mrs. Dempsey is an agent authorized to accept service on behalf of) are located in Washington D.C. and, according to

Federal Rule Civil Procedure 12(a)(1)(A)(i), were required to file a responsive pleading within 21 days, which was on or before March 22, 2023.

12. The time for Defendants Mrs. Dempsey and MAD Development to file a responsive pleading expired and Plaintiff requested an entry of default against Defendants Mrs. Dempsey and MAD Development on or about March 23, 2023.

13. On or about March 24, 2023, the Court entered an Order of Default against Defendants Mrs. Dempsey and MAD Development for failure to plead or otherwise defend this action. ECF No. 17.

14. That since the Order of Default was entered, neither Defendant Mrs. Dempsey nor Defendant MAD Development has moved to vacate the Order of Default pursuant to Federal Rule of Civil Procedure 55(c).

15. Defendants Mrs. Dempsey and MAD Development's last known address is 4654 Asbury Place N.W., Washington, D.C. 20016.

16. Pursuant to the Note between Plaintiff and Defendant Mrs. Dempsey, to the extent Plaintiff must seek to enforce the Note and prevail, Plaintiff is entitled to his attorneys' fees. *See* ECF No. 1-11.

17. As detailed in counsel for Plaintiff's affidavit, Jonathan P. Kagan, Esquire, which is attached hereto as **Exhibit 1**, Plaintiff has incurred $10,456.61 in attorneys' fees and costs related to this matter through March 31, 2023. Such amounts are fair and reasonable given (a) the complexity of this matter; (b) Plaintiff's counsels' experiences; (c) the hours expended by Plaintiff's counsel; and (d) Plaintiff's counsels' hourly rates. *Id.*

18.     Pursuant to Federal Rule Civil Procedure 55, Defendants are not required to be served with written notice of Plaintiff's application for default judgment as neither Defendant has appeared personally or by a representative in this matter.

19.     The Note provides that, "[i]nterest shall be computed on the basis of a 360-day year and paid for the actual number of days elapsed in any interest period." ECF No. 1-11. Thus, the interest accruing on the Note reflects compound interest from December 4, 2020 at a rate of 10% per annum.

20.     The amount owed by Defendants to Plaintiff in the principal amount of $100,000.00 along with 10% interest per annum per the Note from December 4, 2020 to December 31, 2022, for a total of $122,136.93 (as alleged in the Complaint) is a sum certain, and Plaintiff's contractual claim for attorneys' fees is fair and reasonable.

21.     That additional interest (at 10% per annum) has accrued since December 31, 2022 to April 4, 2023 in the amount of $4,560.78, for a total of $126.697.71, which is a sum certain. *See* **Exhibit 2** (Interest Worksheet on Note from December 4, 2020 through April 4, 2023).

22.     That neither Defendant Mrs. Dempsey nor Defendant MAD Development is a minor or incompetent person.

23.     That neither Defendant Mrs. Dempsey nor Defendant MAD Development is in the United States or its agency or is an officer thereof.

24.     That neither Defendant Mrs. Dempsey nor Defendant MAD Development is in the military service.

25.     That neither Defendant Mrs. Dempsey nor Defendant MAD Development is a foreign state or a political subdivision, agency, or instrumentality of a foreign state.

26.     The clerk of this Court is authorized to enter a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1) as the Complaint is based upon a promissory note and/or for an ascertainable sum, and any default judgment entered by this Court would dispose of all the claims and all the parties in this matter.

WHEREFORE, Plaintiff Aaron Poynton respectfully requests this Honorable Court enter judgment by default in favor of Plaintiff and against Defendants Mrs. Dempsey and MAD Development, jointly and severally, in the principal amount of $100,000.00, plus interest to date in the amount of $26,697.71, plus attorneys' fees and costs in the amount of $10,456.61 (through the date of this motion), for a total judgment of $137,154.92, plus post-judgment interest at the legal rate, and grant such further relief as deemed necessary.

**I SOLEMNLY AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE CONTENTS OF THE FOREGOING PAPER ARE TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF.**

Date: April 10, 2023

_____
Stephen B. Stern, Esq., D.C. Bar No. 452589
stern@kaganstern.com

_____
Jonathan P. Kagan, Esq., *admitted pro hac vice*
kagan@kaganstern.com

_[Signature]_
Veronica J. Mina, Esq., D.C. Bar No. 90010619
mina@kaganstern.com

KAGAN STERN MARINELLO & BEARD, LLC
238 West Street
Annapolis, MD 21401
Telephone: 410-216-7900
Facsimile: 410-705-0836

*Counsel for Plaintiff*
*Aaron Poynton*

7